**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELIZABETH HAMMETT,**<br>       **Plaintiff,**<br><br>       **v.**<br><br>**NEW LIFECARE MANAGEMENT LLC**<br>**and NEW LIFECARE HOSPITALS OF**<br>**CHESTER COUNTY LLC,**<br>       **Defendants.** | **CIVIL ACTION**<br><br>**NO. 14-cv-6803** |

**MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS**

Baylson, J.                                                April  12   , 2016

## I.    Introduction

In this employment discrimination case, Plaintiff failed to serve Defendants until more than a year after the Complaint was filed. Defendants[1] have filed a Motion to Dismiss under Rules 12(b)(2) and 12(b)(5) (ECF No. 5). For the reasons stated below, the Court GRANTS Defendants' Motion to Dismiss.

## II.    Background

The Court grants Defendants' Motion to Dismiss on the ground that service was untimely, and the Court declines to exercise its discretion to permit additional time for proper service given the extraordinary time lapse in this case between filing the Complaint and service of process.

---

[1]     Defendants argue that Defendant New LifeCare Management LLC is not a company and should not be named as a Defendant. Because the Court is granting Defendants' Motion in full, the Court need not decide the merits of this argument. For the purpose of this Memorandum, the Court refers to "Defendants," plural. However, this grammatical choice does not indicate that the Court has rejected Defendants' argument.

To appreciate the time lapse, a timeline of events leading up to service is necessary:

- 9/20/13:   Plaintiff was terminated by her employer, Defendant LifeCare Hospitals of Chester County.

- 11/25/13:   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

- 5/21/14:   Defendants submitted a position statement to the EEOC denying the charges.

- 9/3/14:   The EEOC issued Plaintiff a notice of right to sue.

- 12/1/14:   The Complaint was filed and the summons was issued.

- 12/15/14:   Plaintiff sent Defendants notice and request for waiver of service under Federal Rule of Civil Procedure 4(d). Defendants never responded.

- 3/2/15:   Deadline to serve Defendants under the 90 day rule (based on the December 2015 Federal Rules of Civil Procedure amendments).

- 4/2/15:   Deadline to serve Defendants under the 120 day rule (based on pre-December 2015 Federal Rules of Civil Procedure amendments).

- 1/12/16:   Judge Baylson's chambers sent Plaintiff's counsel an email directing that "service must be made in accordance with Rule 4(j) . . . . If service is not made within the next 30 days, the court will dismiss the complaint without prejudice for lack of prosecution."

- 1/18/16:   Defendants were served.

Because of the lapse in time between the filing of the Complaint and service of process, Defendants filed the instant Motion to Dismiss for Lack of Jurisdiction. In responding to Defendants' Motion, Plaintiff reports that her failure to timely

serve Defendants was a failure of counsel[2] and not for good cause, and she acknowledges that the Court would be within its discretion to dismiss her Complaint. But Plaintiff argues that the Court should nonetheless grant additional time to serve because, on balance, the circumstances of this case weigh in favor of that result.

## IV.   Legal Standard

Federal Rule of Civil Procedure 4(m) governs the timing of service and the Court's related duties. It currently[3] reads:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff has conceded that she lacked good cause for the delay, thus the Court need not evaluate whether good cause has been shown.

When good cause is not shown, district courts have discretion in determining whether to dismiss a complaint or permit more time for service. *Henderson v. United States*, 517 U.S. 654, 662 (1996). Before exercising such discretion, courts must investigate whether the particular facts and circumstances of the case warrant an extension of time, which courts typically

---

[2]     Although counsel takes responsibility for the delay, a client cannot be blameless when a docket is silent for over a year. The named parties must exercise at least minimal diligence to ensure that their case is moving forward.

[3]     Rule 4(m) was amended in December 2015 to change the period to serve from 120 days to 90 days. Regardless of which version of the Rules is applied in this case, Plaintiff failed to make timely service by a substantial amount of time.

do by employing a balancing test evaluating a variety of factors. *Veal v. United States*, 84 Fed. App'x 253, 256-57 (3d Cir. 2004). The Rule 4(m) Advisory Committee notes include three factors: (1) whether the plaintiff's claims will be time-barred, (2) whether the plaintiff is pro se, and (3) whether the defendant evaded service. Fed. R. Civ. Pro. 4(m) Advisory Committee Notes (1993). The Third Circuit has determined this list is non-exhaustive. *Petrucelli v. Bohringer and Ratzinger, GmbH*, 46 F.3d 1298, 1305 (3d Cir. 1995). In light of this, some courts have considered factors such as actual notice of the legal action,[4] prejudice to defendants,[5] and the Third Circuit's preference for decisions on the merits.[6] No factor is dispositive. *See Petrucelli*, 46 F.3d at 1306 ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred.").

## V.     Discussion

The parties have outlined the factors they believe support their position.

### A.     Defendants' Arguments

Defendants ask the Court to dismiss the case for the following reasons:

- Defendants would be prejudiced because six of their employees who would be relevant to their defense left Defendants' employment in 2013 and 2014.

---

[4]     *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009).

[5]     *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

[6]     *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 528 (M.D. Pa. 2010) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

- Because more than two years have passed since Plaintiff's last day of work, memories of those individuals relevant to the case have gone stale.

- Plaintiff failed to have the summons re-issued during the ten months that followed the expiration of the initial 90-day time period for service in March 2015.

- Plaintiff has offered no reason or explanation for the significant time delay.

Defendants also make a Local Rule 41.1(a) argument in a footnote. Def. Opening Br. at 4 n.1. This Rule governs the dismissal and abandonment of actions. If the Clerk's office determines that there has been no activity on a docket for one year or more, then the Clerk must send a notice to the parties that the action will be dismissed absent a showing of good cause. Local Rule 41.1. If good cause is not shown, the Court is required to dismiss the case. *Id.*

Although there was no activity on this docket for more than a year, the Clerk's office did not send a Local Rule 41.1 letter. Thus, Local Rule 41.1 has not been triggered, and the Court retains its discretion to extend time based on its own balancing of relevant factors.

Nonetheless, the Court takes note of this Court's policies that are implicit in the Local Rule. Under Federal Rule 4(m), a plaintiff does not need to show good cause for a delay of service to avoid dismissal, regardless of the length of the delay. But under Local Rule 41.1, when a plaintiff delays for a year or more, then the plaintiff is required to show good cause. This indicates a preference in this Court for a showing of good cause when delays are as significant as the delay in this case. The Court therefore weighs in Defendants' favor the fact that Plaintiff undertook no activity in this case for more than a year.

**B.      Plaintiff's Arguments**

Plaintiff does not argue that she had good reason for failing to timely

serve. However, she articulates other reasons that she avers should result in the

Court providing her with an extension of time to file:

- Some of Plaintiff's claims will be time barred if the case is dismissed, which courts weigh in favor of plaintiffs. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

- Defendants received actual notice of the suit in December 2014 when Plaintiff sent the request for waiver of service with the Complaint attached.[7] Defendants also received information about the nature of the case during the EEOC process.

- The Third Circuit favors decisions on the merits.

**C.      Evaluation of Parties' Arguments**

Weighing heavily in favor of Plaintiff is the fact that at least some of her

claims will be time-barred if the Court grants Defendants' Motion to Dismiss.

Plaintiff filed claims under five statutes: American with Disabilities Act

("ADA"), Age Discrimination and Employment Act ("ADEA"), Pennsylvania

Human Relations Act ("PHRA"), Family Medical Leave Act ("FMLA"), and

state tort wrongful discharge. If the Court grants Defendants' Motion, both

parties agree that at least three of Plaintiff's five claims will be time-barred

(ADA, ADEA, and state wrongful discharge).

---

[7]      In its Reply, Defendants argue that Defendants' corporate headquarters was not aware that the Complaint had been filed or the waiver of service form sent, asserting that the headquarters first learned of the suit in January 2016. The Court need not determine the veracity of this contention, as the Court's decision to dismiss the case would be the same regardless of whether corporate headquarters had learned of the case.

The fate of the remaining two claims is disputed by the parties. Plaintiff argues that her FMLA claim would survive even if the Court grants Defendants' Motion because the Complaint alleges willful conduct, which has a three-year statute of limitations. Defendants do not confront this argument in their Reply Brief, but in the opening brief they argue that the two-year statute of limitations applies to the FMLA claim. Plaintiff has one final claim, under the PHRA. Defendants argue that Plaintiff failed to satisfy the administrative prerequisites for this claim; Plaintiff disagrees.

On the other side of the scale is the substantial amount of time that Plaintiff delayed in effecting service. This is not a case where Plaintiff's delay was a matter of mere days or weeks. The docket in this case was entirely silent for over a year, from December 1, 2014 (ECF No. 1) to January 19, 2016 (ECF No. 2). Even assuming that Defendants were aware of the case because of the EEOC process or because Defendants actually received Plaintiff's request for waiver of service, Defendants would have had good cause to believe to Plaintiff was not pursing these claims given the period of radio silence following the filing of the Complaint.

Also weighing in Defendants' favor is that since Plaintiff was terminated, six of Defendants' employees with knowledge relevant to this case have left Defendants' employment. All of those employees left prior to the filing of the Complaint. Nonetheless, the Court weighs this fact in favor of Defendants because of the likelihood that memories relevant to the defense have likely

grown stale in the intervening time period, especially those memories of employees who no longer work at Defendants' facilities.

Although the fact that some of Plaintiff's claims will be barred weighs in Plaintiff's favor, it does not compel the Court to deny the Motion to Dismiss. *See Chiang v. U.S. Small Bus. Admin.*, 331 Fed. App'x 113, 116 (3d Cir. 2009) (affirming the district court's decision to deny extension of time to serve even where defendants had actual notice of the claims against them and the statute of limitations on plaintiff's claims had run). Given that Plaintiff has offered no reason for failing to timely serve Defendants and the substantial length of time that Plaintiff delayed, the Court exercises its discretion to dismiss Plaintiff's claims without prejudice.

## VI.    Conclusion

For the reasons stated, the Court GRANTS Defendants' Motion to Dismiss. Plaintiff's claims are dismissed without prejudice. An appropriate order follows.

O:\CIVIL 14\14-6803 hammett v. new lifecare\14cv6803.MotionToDismissMemo.4.6.16.docx